# MORTON S. MINSLEY

**Attorney at Law**

Admitted in both New York and New Jersey

101 Lafayette Street, 10th Floor, New York, New York 10013

Phone: 212-346-0849     Fax: 212-766-9798     E-Mail: Minsleylaw@me.com

29 November 2022

**Via ECF**

Hon. Lorna G. Schofield
United States District Judge
US District Court, SDNY
40 Centre Street, Courtroom 1106
New York NY 10007

Re:     LIN KWOK KEUNG v. MAYS BEAUTY SALON & SPA, INC. and HUNG KANG, INC.
         US District Court, SDNY, DOCKET NO. 1:22-cv-4466 (LGS)

Dear Judge Schofield:

      I am the attorney for Defendant MAYS BEAUTY SALON & SPA, INC. ("MAYS BEAUTY SALON") in this action. I am writing this pre-motion letter pursuant to your Honor's Individual Rules as a predicate to filing a FRCP Rule 12 (b) 6 motion to dismiss the complaint herein for failure to state a claim upon which relief can be granted.

      The present action is an action under the Americans with Disabilities Act, 42 USC 12101, et. seq. ("ADA").

      Defendant Mays Beauty Salon is a small Beauty Salon located at 295 Broome Street, New York, New York, on the lower East Side of Manhattan, and is the tenant of the premises which is the subject of this ADA action.

      To sue under the ADA, a Plaintiff must establish standing. To establish standing under the ADA, "a plaintiff must show.. 'an injury in fact'.. that is both 'concrete and particularized' and 'actual and imminent'. **_Perdum v. Forest City Ratner Cos_**., 677 Fed Appx. 2, 2017 US App. LEXIS 2219 (2ND Cir. 2017).

      Generally, there is no jurisdiction over 'generalized grievances' shared by all or a large class of citizens… a plaintiff must assert his own legal rights and cannot rest his claim to relief on the legal rights of third parties. **_Small v. General Nutrition Cos_**., 388 F. Supp. 2d 83, 2005 US Dist. LEXIS 4820 (EDNY, J. Ross 2005).

**Via ECF**

Hon. Lorna G. Schofield
United States District Judge
US District Court, SDNY
LIN KWOK KEUNG v. MAYS BEAUTY SALON & SPA, INC. and HUNG KANG, INC.
US District Court, 1:22-cv-4466 (LGS)
29 November 2022
Page 2 of 3

On a motion to dismiss pursuant to FRCP Rule 12 (b) (6) a court must accept the factual allegations of the complaint as true.  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face'.

However, the presumption of truth, however, 'is inapplicable to legal conclusions' and 'threadbare recitals' of the elements of a cause of action, supported by mere conclusory statements, do not suffice'.  **_Shomo v. NY Department of Correction,_** 2022 U.S. District LEXIS 81037 (SDNY 2022, J. Halpern), citing **_Ashcroft v. Iqbal,_** 556 US 662, 678 (2009), and **_Bell Atlantic v. Twombly_** 550 US 544, 570 (2007).

Recently at least one United States District Court in the context of the Americans With Disabilities Act Civil Actions, has interpreted case law to "change the legal landscape" for filing and maintaining civil actions under the ADA.  **_Whitaker v. Salah_**, US District Court, Northern District of California, Case No. 4:21-cv. 09548 (June 27, 2022 – See copy attached as **_Exhibit A_**, hereto).

In **_Whitaker_**, US District Judge Gonzales Rogers of the Northern District of California, applied the reasoning of **_Transunion LLC. V. Ramirez_** 141 S. Ct. 2190 (2021), to address the question of standing to bring a private civil action under the Americans with Disabilities Act.

According to Judge Gonzales Rogers, after **_Transunion_**, no longer would it be sufficient for a Court to take a 'broad view' of standing to file ADA actions.  Instead, pleading an ADA violation, particularly in the case of serial ADA filers, would need to satisfy the **_Ashcroft v. Iqbal_** 556 US 662 (2009) and **_Bell Atlantic v. Twombly_**, 550 US 533 (2007) standards – formulaic and conclusory allegations that a plaintiff suffered an 'injury in fact' would no longer suffice – a Plaintiff needs to provide "factual enhancements" in their pleading.

In the present case, Plaintiff and his attorney have filed a total of 51 ADA cases against various Defendants in lower Manhattan since 2015. (See SDNY Keung Docket, **_Exhibit B_**, hereto).  In four of the previous cases, I was counsel to Defendants, and therefore I am familiar with the identity and background of the Plaintiff.[1]   In past cases, it has been disclosed by Plaintiff and his counsel that Plaintiff is a male individual confined to a wheelchair who resides on Roosevelt Island.  Defendant Mays Beauty Salon is a small and obscure beauty salon located on Broome Street on the lower East Side of Manhattan – far from Plaintiff's residence.   It strains credulity to imagine that Plaintiff – who none of my clients have ever witnessed at any of their locations, travels all the way to Broome Street to get his hair cut, particularly when he previously sued another hair Salon – DG Hair Salon on Canal Street – at which he also has never been seen either before or after that lawsuit.

---

[1]   (1)   **_Keung v. Sun Hop Lee, Inc_**., 19 Cv. 04589 (PGG- GWG), (2) **_Keung v. 21 Mott Street Restaurant Corp.,_** 19 Cv. 0535 (PAE-BCM), (3) **_Keung v. NB Wing Wong, Inc.,_** 21 – Cv. – 05345 (PAE), and (4)  **_Keung v. DG Hair Salon, Inc_**., 21 -cv.- 06703.  I also am now representing defendants in three new actions filed by Plaintiff and his counsel, (1) the present case, plus (2) **_Keung v. Spa for Life_**, et al, 22-Cv. 03727 (JMF), and (3) **_Keung v. Patisseries Saines Corp._** 22-cv. 03725 (JPC).

**Via ECF**

Hon. Lorna G. Schofield
United States District Judge
US District Court, SDNY
LIN KWOK KEUNG v. MAYS BEAUTY SALON & SPA, INC. and HUNG KANG, INC.
US District Court, 1:22-cv-4466 (LGS)
29 November 2022
Page 3 of 3

Plaintiff's complaint herein must be dismissed because it alleges standing to bring the present action in only formulaic and conclusory fashion. In Paragraph 14 of the complaint, that "prior to filing of this lawsuit, Plaintiff personally visited Defendant's property with the intention of using the subject facilities, but was denied access to the subject property, suffering an injury in fact. In addition Plaintiff continues to desire to visit the subject property in the future but continues to be injured in that he is unable to and continues to be discriminated against due to the architectural barriers which remain at the subject premises". (Note that this exact conclusory and formulaic pleading is repeated word for word in Complaint Paragraph 14 in each of the three ADA cases in which I am currently representing Defendants against Plaintiff and his counsel - (1) the present case, plus (2) ***Keung v. Spa for Life***, et al, 22-Cv. 03727 (JMF), and (3) ***Keung v. Patisseries Saines Corp.*** 22-cv. 03725 (JPC).

For this reason, Plaintiff's complaint fails to satisfy the pleading standards of ***Iqbal*** and ***Twombly*** to establish the elements of an ADA action. An ADA plaintiff should be an individual who actually suffers an injury due to barriers to access – and not someone who is sent by an attorney to troll the streets looking for ADA Defendants and targets small property owners and small businesses without actually suffering an ADA injury by being a real customer with an intent to patronize the business at the premises.

For this reason it is requested that the Court grant Defendants two (2) weeks to file a Rule 12 (b) (6) motion to dismiss the complaint, or direct Plaintiff to file an amended complaint pleading specific facts (subject to FRCP Rule 11) necessary to satisfy ***Twombly*** and ***Iqbal*** and in order to make out the required ADA injury.

No previous request for this relief has heretofore been made.

Respectfully submitted,

Morton S. Minsley

MSM: mm
Enc.
cc.   Ben-Zion Bradley Weitz, Esq., Attorney for Plaintiff, Via ECF