# MORTON S. MINSLEY

### Attorney at Law

Admitted in both New York and New Jersey

101 Lafayette Street, 10th Floor, New York, New York 10013

Phone: 212-346-0849　　　　Fax: 212-766-9798　　　　E-Mail: Minsleylaw@me.com

7 December 2022

**Via ECF**

Hon. Lorna G. Schofield
United States District Judge
US District Court, SDNY
40 Centre Street, Courtroom 1106
New York NY 10007

> Plaintiff shall file a response, not to exceed three pages, in response by **December 14, 2022**. So Ordered.
>
> Dated: December 7, 2022
> New York, New York
>
> LORNA G. SCHOFIELD
> UNITED STATES DISTRICT JUDGE

Re:　LIN KWOK KEUNG v. MAYS BEAUTY SALON & SPA, INC. and HUNG KANG, INC.
　　　US District Court, SDNY, DOCKET NO. 1:22-cv-4466 (LGS)

Dear Judge Schofield:

　　I am the attorney for Defendant MAYS BEAUTY SALON & SPA, INC. ("MAYS BEAUTY SALON") in this action. I am writing in reply to the letter filed on the Docket by Plaintiff's counsel last night (DE 31) and the proposed amended complaint attached thereto. (DE 31-1).

　　Other than by attaching a proposed amended complaint, Plaintiff's counsel's sparse letter does not substantively respond to any of the arguments raised in Defendant's pre-motion letter. Review of Plaintiff's proposed amended complaint shows that Plaintiff still fails to adequately plead facts to satisfy the standing requirements to assert a civil action under the Americans with Disabilities Act ("ADA") in the present case.

　　In my November 30, 2022 pre-motion letter, it was noted that to establish standing under the ADA, a plaintiff would have to plead specific facts to show how he suffered an ADA injury due to alleged conditions at the Defendant's establishment. Under the well established rules of ***Twombly*** and ***Iqbal***, conclusory allegations are insufficient, particularly in light of the US Supreme Court ruling in ***Transunion LLC v. Ramirez*** 141 S.Ct. 2190 (2017), which held that only plaintiffs personally injured by federal statutory violations may maintain actions to enforce those statutes.

　　Existing case law is instructive for what plaintiff would need plead to assert standing. For instance, in ***Doran v. 7-Eleven, Inc.,*** the plaintiff visited the store on "ten to twenty prior occasions," it was near his favorite restaurant in the city, and he planned to take annual trips to the city. 524 F.3d 1034, 1040 (9th Cir. 2008). In ***Pickern v. Holiday Quality Foods Inc***., the plaintiff preferred the defendant's market chain over others. 293 F.3d 1133, 1138 2 (9th Cir, 2002).

**Via ECF**

Hon. Lorna G. Schofield
United States District Judge
US District Court, SDNY
LIN KWOK KEUNG v. MAYS BEAUTY SALON & SPA, INC. and HUNG KANG, INC.
US District Court, 1:22-cv-4466 (LGS)
7 December 2022
Page 2 of 2

None of these types of specific facts are pled by the proposed amended complaint. The amended complaint adds three factual allegations to his original conclusory allegations – (1) that Plaintiff resides on Roosevelt Island New York (Amended Complaint ¶ 4) – a fact that detracts from his claim to standing such that the location sued herein is not near where Plaintiff lives, and thus an unlikely object of his patronage (2) that Plaintiff visits the lower East Side of Manhattan and neighboring Chinatown on a frequent basis (Amended Complaint, ¶ 14), although nothing is alleged to indicate why he comes to the lower East side, or that he comes to visit this particular location or establishment and that (3) "on or about April of 2022" he personally visited the subject property, without stating any facts concerning the circumstances of said visit, such as whether he was directed there as a pretext to file this lawsuit, rather than having been a previous customer or potential customer of the Defendants' establishment.

Thus, despite the proposed amendments, Plaintiff's amended complaint still fails to allege sufficient facts to establish standing to show 'an injury in fact'.. that is both 'concrete and particularized' and 'actual and imminent'. **_Perdum v. Forest City Ratner Cos_**., 677 Fed Appx. 2, 2017 US App. LEXIS 2219 (2ND Cir. 2017)., other than through mere conclusory statements.

For this reason it is requested that the Court set a briefing schedule to allow Defendants two (2) weeks to file a Rule 12 (b) (6) motion to dismiss the complaint, with reasonable times allowed for opposition and reply.

                                                    Respectfully submitted,

                                                   Morton S. Minsley

MSM: mm
cc.    Ben-Zion Bradley Weitz, Esq., Attorney for Plaintiff, Via ECF