# MORTON S. MINSLEY
Attorney at Law

Admitted in both New York and New Jersey

101 Lafayette Street, 10th Floor, New York, New York 10013

Phone: 212-346-0849　　　　Fax: 212-766-9798　　　　E-Mail: Minsleylaw@me.com

28 December 2022

<u>**Via ECF**</u>

Hon. Lorna G. Schofield
United States District Judge
US District Court, SDNY
40 Centre Street, Courtroom 1106
New York NY 10007

Re:　　LIN KWOK KEUNG v. MAYS BEAUTY SALON & SPA, INC. and HUNG KANG, INC.
　　　　US District Court, SDNY, DOCKET NO. 1:22-cv-4466 (LGS)

Dear Judge Schofield:

　　　　I am the attorney for Defendant MAYS BEAUTY SALON & SPA, INC. ("MAYS") in this action. I am writing to oppose Plaintiff's letter motion filed today (Docket Entry ('DE") 40), by which Plaintiff's counsel seeks a second extension of time to respond to Mays' December 7, 2022 pre-motion letter by which Mays seeks leave to file a FRCP Rule 12 (b) (6) motion to dismiss Plaintiff's amended complaint.

　　　　As noted above, this is Plaintiff's second request for an extension of time to respond to Mays' December 7, 2022 pre-motion letter. On November 29, 2022, at DE 26, Defendant Mays initially sought leave to file a Rule 12(b) (6) motion to dismiss Plaintiff's original complaint on the issue of lack of ADA standing. Plaintiff was then directed by the Court to respond to Defendant Mays' initial pre-motion letter by December 6, 2022 (DE 29), and Plaintiff chose to do so by filing an amended complaint. (DE 31). On December 7, 2022 (DE 32), Defendant Mays again sought leave to move to dismiss, this time against Plaintiff's amended complaint. Per DE 33, this Court directed that Plaintiff file a response by December 14, 2022. (DE 33).

　　　　On December 13, 2022, Plaintiff filed a letter motion (DE 36) seeking an extension of time to respond to DE 32. At DE 37, the Court granted Plaintiff's counsel an extension up to and including December 28, 2022. Now Plaintiff files a second letter motion to further extend its time to respond to DE 32, although Plaintiff's counsel now has had three (3) weeks to respond to this letter. Plaintiff's request for a second extension of time to respond to DE 32 should be denied.

　　　　The issue in this case is whether Plaintiff has adequately asserted facts necessary to establish standing to assert a private civil action pursuant to the ADA. As noted in Defendant Mays' initial pre-motion letter, Plaintiff is a serial filer of ADA cases, and he and his attorney have filed a total of 51 ADA cases against various Defendants in lower Manhattan alone since 2015.

**Via ECF**

Hon. Lorna G. Schofield, USDJ
US District Court, SDNY
LIN KWOK KEUNG v. MAYS BEAUTY SALON & SPA, INC. and HUNG KANG, INC.
US District Court, Docket No. 1:22-cv-4466 (LGS)
28 December 2022
Page 2 of 3

The question of whether Plaintiff may maintain the present action is seriously called into question by the holdings of ***TransUnion LLC v. Ramirez***, 141 S. Ct. 2190 (2021) and ***Calcano v. Swarovski N. A. Ltd***, 36 F. 4th 68 (2nd Cir. 2022).

In ***TransUnion***, the US Supreme Court held that Article III of the Constitution confines the jurisdiction of the federal courts to "Cases and Controversies", and for there to be a 'case or controversy' before the Court, the Plaintiff must have a 'personal stake' in the litigation, and therefore 'standing'. ***Transunion,*** 141 S.Ct at 2203. Thus, under ***TransUnion***, in any action to enforce a federal statute, the issue of standing is not just a statutory consideration but rises to the level of a Constitutional requirement under Article III of the US Constitution. ***TransUnion***, 141 S.Ct., at 2204-2210.

For a Plaintiff to have standing to assert a claim for violation of a Federal statutory regulation, a plaintiff to have suffered an 'injury in fact' – an injury that is 'concrete' – 'real and not abstract'. This requirement is mandatory under Article III of the US Constitution. ***Transunion,*** 141 S.Ct at 2204.

***TransUnion*** 'rejected the proposition that a plaintiff automatically satisfies the injury in fact requirement whenever a statute grants a statutory right and purports to authorize that person to sue to vindicate that right'. ***TransUnion,*** 141 S.Ct at 2205.

The mere fact that Plaintiff may be a handicapped individual who qualifies as a potential plaintiff under the ADA, and that he alleges that the conditions of the premises raise barriers to handicapped individuals does not give him standing to pursue a civil ADA action, unless he himself suffers a personal, concrete injury as a result of the alleged condition.

"An uninjured Plaintiff… not seeking to remedy any harm to [him or] herself but instead … merely seeking to ensure a defendant's compliance with regulatory law… and of course, to obtain some money via the statutory damages.." lacks standing under Article III of the Constitution to maintain a claim. ***Transunion,*** 141 S.Ct at 2206.

In ***Calcano v. Swarovski N. A. Ltd***, 36 F. 4th 68 (2nd Cir. 2022), the 2nd Circuit Court of Appeals applied ***TransUnion*** in the context of the ADA. Conclusory allegations, merely parroting case law requirements do not establish ADA standing. The ADA requires 'an injury in fact'.. that is both 'concrete and particularized' and 'actual and imminent'. ***Perdum v. Forest City Ratner Cos***., 677 Fed Appx. 2, 2017 US App. LEXIS 2219 (2ND Cir. 2017). A complaint that fails to provide any details of past visits or purchases, and a mere profession of an intent to return to the premises in question does not pass muster for purposes of the ADA . Legal conclusions couched as factual allegations are not enough. Further cut and paste and fill in the blank pleadings are indicative of a pleading that fails to pass muster. ***Calcano***, 36 F. 4th at 74 – 78.

Despite the amendments to the initial complaint, Plaintiff's amended complaint fails to allege required facts by ***TransUnion*** and ***Calcano*** to plead standing to pursue a civil action under the ADA.

**Via ECF**

Hon. Lorna G. Schofield, USDJ
US District Court, SDNY
LIN KWOK KEUNG v. MAYS BEAUTY SALON & SPA, INC. and HUNG KANG, INC.
US District Court, Docket No. 1:22-cv-4466 (LGS)
28 December 2022
Page 3 of 3

Plaintiff's amended complaint again pleads only conclusory allegations to allege standing. The amended complaint alleges (1) that Plaintiff resides on Roosevelt Island New York (Amended Complaint ¶ 4) – a fact that detracts from his claim to standing such that the location sued herein on Broome Street on the lower East Side of Manhattan which is on not in proximity to Plaintiff's Roosevelt Island residence; (2) that the Plaintiff 'visits the lower East Side of Manhattan and neighboring Chinatown on a frequent basis' (Amended Complaint, ¶ 14), although nothing is alleged to indicate why he would visit these neighborhoods or this specific location, and that (3) "on or about April of 2022" he personally visited the subject property. Nothing in the amended complaint explains why Plaintiff would have an interest in visiting this location or establishes in any plausible manner that Plaintiff would intend to return to the subject location, which **_Calcano_** identifies as crucial to the maintenance of an ADA action. 36 F. 4th at 75-77.

See also, **_Hennesssy v. Poetica Coffee Inc_**., 2022 U.S. Dist. LEXIS 161376 (EDNY 2022), in which Judge Matsumoto dismissed an ADA action for lack of standing. Judge Matsumoto, in **_Hennessy_**, noted:

> In the few months since [**_Calcano_**], courts in this circuit have recognized that **_Calcano_** raised the bar appreciably for adequately pleading standing to seek injunctive relief in **_ADA_** cases. Judge Caproni, for example, recently dismissed an **_ADA_** case by a different plaintiff for lack of standing where the complaint made "conclusory" allegations that were "identical" to those that the Second Circuit deemed insufficient in **_Calcano_**. **_Mendez v. Victoria's Secret Stores LLC, 2022 WL 2819055, at *2 (S.D.N.Y. July 19, 2022)._** Similarly, following the Second Circuit's decision, several district judges in this circuit have issued orders to show cause, ordered supplemental briefing, or otherwise questioned the sufficiency of plaintiffs' allegations regarding standing.

Based on the above, this Court can see that Defendant Mays' proposed motion herein raises substantial meritorious issues concerning ADA standing which need to be addressed by this Court. Based on the above, Plaintiff's letter motion seeking additional letter practice before this Court prior to any motion should be denied, and it is requested the Court simply set a motion schedule for consideration of Defendant's Rule 12 (b) (6) motion to dismiss the amended Complaint herein.

Respectfully submitted,

Morton S. Minsley

MSM: mm
cc.     Ben-Zion Bradley Weitz, Esq., Attorney for Plaintiff, Via ECF