# MORTON S. MINSLEY

**Attorney at Law**

Admitted in both New York and New Jersey

101 Lafayette Street, 10th Floor, New York, New York 10013

Phone: 212-346-0849     Fax: 212-766-9798     E-Mail: Minsleylaw@me.com

9 March 2023

**Via ECF**
Hon. Lorna G. Schofield
United States District Judge
US District Court, SDNY
40 Centre Street, Courtroom 1106
New York NY 10007

> Plaintiff shall file a letter, not to exceed three pages, in response by **March 16, 2023**. So Ordered.
>
> Dated: March 10, 2023
> New York, New York
>
> LORNA G. SCHOFIELD
> UNITED STATES DISTRICT JUDGE

Re:  LIN KWOK KEUNG v. MAYS BEAUTY SALON & SPA, INC. and HUNG KANG, INC.
     US District Court, SDNY, DOCKET NO. 1:22-cv-4466 (LGS)

Dear Judge Schofield:

I am the attorney for Defendant MAYS BEAUTY SALON & SPA, INC. ("MAYS") in this action. On February 5, 2023, after extensive litigation and without prior notice or discussion, Plaintiff's counsel filed a voluntary withdrawal of this case pursuant to FRCP Rule 41(a)(1)(A)(i). I am writing pursuant to your Honor's Individual Rules, to request a pre-motion conference for leave to file a motion against Plaintiff's counsel for sanctions, pursuant to 28 USC § 1927 and the inherent power of this Court, for having unreasonably and vexatiously, in bad faith, multiplied the proceedings in this action, to the cost and detriment of Defendant Mays.

(1) **STATUS OF THIS CASE**:

On Sunday night February 5, 2023, at 11:30 pm - Plaintiff's Counsel without any prior communication or discussion– after, over a period of three months of vigorously litigating this case and opposing dismissal of the action, and, despite four days earlier, on February 1, 2023 reporting to the Court that the parties would be following a litigation schedule including depositions and responses to written document demands previously served [See Joint Status Letter, Docket Entries ("DE") 55-56, February 1-2, 2023), filed a voluntary dismissal of this action (See DE 57).

The record in this case shows that Plaintiff's counsel unreasonably and in bad faith multiplied the proceedings in this case, delaying the inevitable dismissal of this action, in an attempt to extort a settlement from Defendants, while he knew or should have known that this action could not be maintained.

After commencement of this action by the filing of the complaint on May 31, 2022 (DE 1)[1], on

---

[1]  As previously communicated to this Court, Plaintiff and his counsel are frequent ADA filers, having filed a total of 51 ADA cases in the SDNY since 2015. The present action was one ten (10) ADA cases in a new round of filings between May 7, 2022 and October 7, 2022. These most recent ten cases include the present action, which was filed on May 31, 2022,

**Via ECF**

Hon. Lorna G. Schofield, USDJ
US District Court, SDNY
LIN KWOK KEUNG v. MAYS BEAUTY SALON & SPA, INC. and HUNG KANG, INC.
US District Court, Docket No. 1:22-cv-4466 (LGS)
9 March 2023
Page 2 of 4

November 29, 2022, counsel herein filed a pre-motion letter seeking leave to file a motion to dismiss the complaint, based on lack of standing to sue. (DE 26, November 29, 2022). On December 6, 2022, rather than withdraw and dismiss the case at that time, Plaintiff's counsel filed a letter response seeking leave to file an amended complaint to address the issue of Plaintiff's standing to maintain this action (DE 31), and, on December 7, 2022, after such leave was granted by the Court, filed an amended complaint on the docket. (DE 34-35).

On December 7, 2022, Mays' counsel filed a new pre-motion letter seeking to move to dismiss Plaintiff's amended complaint[2]. (DE 32). Rather than agree to dismissal, Plaintiff's counsel sought delay. On December 13, 2022, Plaintiff's counsel requested an extension of time to respond to Defendant Mays' pre-motion letter on the ground that he was allegedly traveling and away for the holidays. (DE 36), and was granted until December 28, 2022 to respond to Defendant Mays' pre-motion letter. (DE 37). On December 27, 2022, Plaintiff's counsel filed a second request for an extension of time to respond to Defendant Mays' December 7, 2023 pre-motion letter (DE 40), again on the grounds of travel or vacation, and the Court granted a second extension of time for Plaintiff to respond, up to January 6, 2023. (DE 42).

On January 6, 2023, Plaintiff's counsel filed a three-page, single spaced letter opposing Defendant's December 7, 2022 pre-motion letter (DE 44). As noted by Defendant's Mays' January 7, 2023 reply letter (DE 45), Plaintiff's counsel's January 6, 2023 letter "relie[d] on a myriad of cases which are no longer good law" and "fail[ed] to address the holding of ***Calcano v. Swarovski N. A. Ltd***, 36 F. 4th 68 (2nd Cir. 2022), which applied [***TransUnion LLC v. Ramirez***, 141 S. Ct. 2190 (2021)", which established a new standard in the 2nd Circuit for pleading standing in ADA cases, and "essentially overrule[d] or modifie[d] the holdings of all the cases" cited by Plaintiff's counsel.

---

as well as two (2) other cases in which present defense counsel also represents Defendants (making a total of 3 out of 10 of the latest Keung/Weitz cases) – ***Keung v. Patisseries Saines Corp***., 22-Civ. 3725 (JPC), and ***Keung v. Spa For Life Mckenzie, Inc***., 22-Civ. 3727 (JHR). In both ***Patisseries Saines*** and ***Spa for Life***, Defendants sought leave to file motions to dismiss for lack of standing – and in both cases, Counsel Weitz vigorously opposed Defendants' applications to file these motions, first filing amended complaints and then opposing renewed applications to move to dismiss those amended complaints. However, in ***Patisseries Saines***, Judge Cronan, on February 1, 2023, granted Defendants' pre-motion application for leave to file FRCP 12 (b) (1) and 12 (b) 6 motions to dismiss the amended complaint in that case. (See 22-Civ. 3725 DE 23, 2/1/23). In the ***Spa For Life*** case, Defendants filed and fully submitted a motion to dismiss the amended complaint therein for lack of standing, with Defendants reply in support having been filed on January 13, 2023. On January 19, 2023, the ***Spa for Life*** case was transferred from Judge Furman to Judge Reardon of this Court., and, on February 2, 2023, Plaintiff's counsel filed a joint status letter to Judge Reardon outlining the status of that case, as to the issues in the case moving forward, with no mention of any intention to withdraw that or any other of the Weitz/Keung ADA actions. Three days later, on February 5, 2023, simultaneously with the voluntary dismissal of the present case, again without prior notice or discussion to either the Court or opposing counsel, and also after opposing dismissal of these two cases for months - Plaintiff's counsel suddenly filed FRCP Rule 41 (a) (1) (A) (i) discontinuances in both of those two cases, again at 11:30 pm on Sunday night. (*See **Patisseries Saines***, 22-Civ. 3725 Docket entry 35, ***Spa For Life McKenzie***, 22-Civ. 3727, Docket Entry 41).

2    At that time the amended complaint had been in a proposed form, per DE 31.

**Via ECF**

Hon. Lorna G. Schofield, USDJ
US District Court, SDNY
LIN KWOK KEUNG v. MAYS BEAUTY SALON & SPA, INC. and HUNG KANG, INC.
US District Court, Docket No. 1:22-cv-4466 (LGS)
9 March 2023
Page 3 of 4

On January 9, 2023, the Court granted Defendant Mays leave to file a motion to dismiss with the Motion against the Amended Complaint to be filed by January 20, 2023, with Plaintiff's opposition due by February 3, 2023 (DE 46). At the same time, at the request of Plaintiff's counsel, the court reminded the parties of their obligation to complete discovery pursuant to the previously Court ordered Scheduling Order and Case management plan during the pendency of any motion to dismiss. (DE 46).

On January 20, 2023, Defendant Mays filed its motion to dismiss the amended complaint for lack of standing pursuant to FRCP 12 (b) (1) and for failure to state a claim pursuant to FRCP 12 (b) (6). (DEs 47-49). On January 26, 2023, Plaintiff's counsel sought an extension of time to file opposition to this motion (DE 50). In response, the Court granted Plaintiff an extension up to February 10, 2023 to file opposition to the motion to dismiss, and ordered the parties to meet and confer in connection with any request to modify the discovery deadlines in light of the discovery disputes that were addressed to the Court in the parties' exchange of letters. (DE 52).

While pushing off his obligation to respond to Defendant's motion, Plaintiff's counsel sought to bully Defendant Mays into a monetary settlement of this matter, and demanded Defendant immediately appear for deposition, or immediately respond to discovery demands, which were not yet due. (See Defendant's letter January 26, 2023 (DE 51, attachments 51-1 and 51-2).

On February 1, 2023, the parties filed a joint status letter outlining the status of discovery and the schedule for completion thereof, noting also the Court ordered scheduled for the response to and reply concerning the pending motion to dismiss. (DEs 55-56), Thereafter, on February 5, 2023, in a midnight surprise, before having to file his opposition to Defendant's motion to dismiss, and before having to produce his client to be deposed, Plaintiff's counsel suddenly, and without prior discussion, filed a voluntary dismissal of this case. (DE 57).

(2) **PRE-MOTION LETTER SEEKING SANCTIONS PURSUANT TO 18 USC § 1927 AND THE INHERENT POWER OF THE COURT:**

Defendant Mays, as a result of the above, seeks a pre-motion conference for leave to move against Plaintiff's counsel for sanctions pursuant to 18 USC § 1927 and/or the inherent power of the Court, for unreasonably and vexatiously, in bad faith, multiplying the proceedings in this case.

Under 28 USC 1927, any attorney… who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the Court to satisfy personally the excess, costs, expenses and attorneys fees incurred because of such conduct. *28 USC § 1927, See also, Wisser v. Fox Media, 220 US Dist. Lexis 57705, 13-14 (SDNY 2020)*. A district court also possesses inherent authority to fashion an appropriate sanction for conduct which abuses the judicial process. *Wisser, at 14, citing Goodyear Tire & Rubber Co. v. Haeger 137 S.Ct. 1178, 1186 (2017).* A finding of bad faith concerning a course of conduct is required under either standard - § 1927 or the Court's inherent power.

As previously stated, Plaintiff's Counsel Weitz, through his client Keung are frequent filers of

**Via ECF**

Hon. Lorna G. Schofield, USDJ
US District Court, SDNY
LIN KWOK KEUNG v. MAYS BEAUTY SALON & SPA, INC. and HUNG KANG, INC.
US District Court, Docket No. 1:22-cv-4466 (LGS)
9 March 2023
Page 4 of 4

ADA cases, directed at restaurants, small businesses and property owners in the lower Manhattan Chinatown section. In the past, in each case, Weitz has filed repetitive, conclusory, cookie cutter complaints against Defendant after Defendant, settling each case quickly and moving on to the next case. See, **Small Chinese Restaurants in New York Targeted for Disability Lawsuits**, The Epoch Times, July 20, 2021.

Weitz's strategy and litigation tactics have previously been outlined, and vociferously criticized, by District Courts in this Circuit. See, **Costello v. Flatman, LLC,** 2013 US Dist. LEXIS 45860, (EDNY – US Dist Judge Johnson 2013), (reversed in part, 558 Fed Appx. 59, 2014 US App. LEXIS 4464 (2ND Cir, 2014). See also, **Hirsch v. Sweet and Sour Corp**., 2011 WL 3741008, SDNY – Mag. Judge Cott, 2011[3]

Weitz has also been criticized and sanctioned under § 1927 for conduct in other states as well. See **Goodman v. Tatton Enters**, 2012 US Dist. LEXIS 189060, 60-72 (SD Fla. 2012) (Describing Weitz's pattern of litigation conduct and history of sanctions.)

In the present case, Counsel Weitz was or should have been highly familiar with the current state of the law in the Second Circuit concerning standing to file ADA cases, post **Calcano v. Swarovski N. A. Ltd**, 36 F. 4th 68 (2nd Cir. 2022), and **TransUnion LLC v. Ramirez**, 141 S. Ct. 2190 (2021).[4] Yet Weitz in bad faith, persisted and dragged out this case in an effort to extort or compel a settlement, until he suddenly at the 11th hour before he would be compelled to respond substantively and produce his client to testify under oath, reversed course and discontinued the action.

Based on the above, this Court should permit Defendant Mays' to move forward with the proposed motion herein..

                                          Respectfully submitted,

                                          Morton S. Minsley

MSM: mm
cc.    Ben-Zion Bradley Weitz, Esq., Attorney for Plaintiff, Via ECF

---

[3]    A search of the SDNY Docket for cases filed by Bradley Weitz as attorney shows over 1100 ADA cases filed by Mr. Weitz in the SDNY since 2010.

[4]    See **Keung v. Allen Convenience Corporation**, 22-cv-07129 (VEC), DE 9,– Order to show cause issued sua sponte on November 2, 2022 by Judge Caproni directing Counsel Weitz to show cause why that ADA case should not be dismissed for lack of standing.